UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER a/s/o J.C., <br><br> Plaintiff, <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD N.J.; ABC CORP. (1-10)(Said names being fictitious and unknown entities), <br><br> Defendants. | Civil Action No. <br><br> 2:12-CV-2539-ES--SCM <br><br> **INITIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court on March 4, 2013 by way of initial scheduling conference pursuant to Fed.R.Civ.P. 16, and for good cause having been shown,

**IT IS** on this 4th of March 2013 ordered that the Scheduling Order is as follows:

### I. DISCOVERY AND MOTION PRACTICE

1. **Rule 26 Disclosures**: The parties shall exchange initial disclosures as required by Fed. R. Civ. P. 26 no later than **3/18/2013** to include the administrative record and the record of the claims handling.

2. **Protective Orders**: The parties shall provide the Court with a joint proposed confidentiality order no later than **3/30/2013**. *See* Local Civil Rule 5.3 [and in patent cases Local Civil Rule 9.3]. Any proposed confidentiality order agreed to by the parties must strictly comply with Fed.R.Civ.P. 26(c) and Local Civil Rule 5.3. *See also Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson*, 56 F.3d 476 (3d Cir. 1995). Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order." The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered. Any such order must be clearly designated **"Discovery Confidentiality Order."** *See* Local Civil Rule 5.3. and the Court's Form Discovery Confidentiality Order at Appendix S.

3. **Interrogatories**: The parties may serve interrogatories limited to **twenty-five (25)** single questions, including subparts and requests for production of documents, by **3/30/2013**, which shall be responded to in the manner required within thirty days of receipt.

4. **Motions to Amend or Add New Parties**: Any motion to amend pleadings or add new parties, whether by amended or third-party complaint, must be returnable no later than **3/26/2013**. Counsel shall first seek consent for any amendment and any request for leave of the Court to file a motion to amend must contain a redlined version of the proposed pleading as an exhibit to the application.

5. **Fact Discovery Deadline**: Fact discovery is to remain open through **4/30/2013**. Discovery should be produced on a rolling basis. All fact witness depositions must be completed by the close of fact discovery. No *discovery* is to be issued or engaged in beyond that date, except upon application and for good cause shown.

6. A **settlement-status conference** to be held on **5/16/2013** at **3:30 P.M.** before Magistrate Judge Steve Mannion in courtroom 4A. Trial counsel and clients who have settlement authority must appear.

    a. Counsel must meet and confer regarding proposed releases or settlement terms at least 7 days before the conference and bring mutually agreeable terms (without dollar amounts) to the conference.

    b. Confidential settlement positions no longer than five pages should be faxed to Magistrate Judge Mannion seven days before the conference and not filed via ECF.

7. **Electronic Discovery**: The parties are directed to Fed. R. Civ. P. 26(f), as amended December 1, 2006, which, among other things, addresses preservation of discoverable information, discovery of electronically stored information, and claims of privilege or work product protection. The parties are also directed to L. Civ. R. 26.1(d) which, among other things, describes the obligations of counsel with regard to their clients' information management systems.

8. **Discovery Disputes**: No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court. Counsel shall confer in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention. Trial counsel must meet and confer to resolve any disputes concerning privilege before raising such disputes to the Court. Should such informal efforts fail, the aggrieved party shall bring the dispute to the Court's attention in the first instance by a brief letter, not to exceed 5 pages, outlining the dispute. The other party will then be permitted to submit a brief opposition letter, not to exceed 5 pages. Thereafter, the Court will schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) to resolve the dispute. *See* L. Civ. R. 16.1(f).

9. **Motion Practice:** No motions are to be filed without leave from this Court. All dispositive motions must first be the subject of a dispositive motion pre-hearing. These pre-requisites must be met before any motions are filed and the motions

will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b), and L. Civ. R. 78.1.

## II. EXPERT DEADLINES

10. **Disclosures:** The parties have a continuing obligation to supplement and amend their initial disclosures. The names and subject of expected testimony of all affirmative expert witnesses shall be delivered no later than 30 days before the end of fact discovery. The names and subject of expected testimony of all rebuttal expert witnesses shall be delivered no later than 10 days after the date due for the affirmative expert report(s), provided such report(s) have been served.

11. **Affirmative Expert Reports:** All affirmative expert reports shall be delivered by **5/1/2013**. Deposition of expert(s) to be completed within 45 days of receiving the report.

12. **Responding Expert Reports:** All responding expert reports shall be delivered by **6/1/2013**. Deposition of expert(s) to be completed within 45 days of receiving the report.

13. **Form and Content of Expert Reports: All expert reports most comport with the form and content requirements set forth in Fed. R. Civ. P. 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the expert's report.**

14. **Deposition of Experts: Complete by 7/1/2013.** No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A).

## III. MISCELLANEOUS

15. **Facsimiles:** Counsel shall not send faxes to Chambers longer than five pages (plus the cover sheet) without permission from the Court. Courtesy copies of papers and exhibits should be delivered to the Court by mail or other carrier.

16. **Extensions and Adjournments:** All requests for adjournments of court dates or other deadlines, whether established in this Pretrial Scheduling Order or any subsequent orders of the Court, shall be submitted to the Court in writing via facsimile (973)-645-4412.

17. **Contacting the Court:** Attorneys and/or parties may contact the court via any of the following methods:

| | |
|---|---|
| **Telephone:** | (973)-645-3827 |
| **Facsimile:** | (973)-645-4412 |
| **Mail:** | Hon. Steve Mannion, U.S.M.J. |
| | 50 Walnut Street, Room 4062 |

Newark, NJ 07101

18. **Local Rules:** Attorneys and/or parties are hereby directed to the Local Federal Rules of Civil Procedures for any other procedural question not specifically addressed in this scheduling order.

\*\*

**FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER OR ANY SUBSEQUENT SCHEDULING ORDERS ENTERED BY THIS COURT MAY RESULT IN SANCTIONS. See Fed.R.Civ.P. 16(f) and 37.**

s://   *Steven C. Mannion*
Hon. Steven C. Mannion, U.S.M.J.

Original: Clerk of the Court
cc: All parties
    File